IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRITTANY PEOPLES,**             CASE NO. 1:24 CV 0051

    Plaintiff,             JUDGE CHARLES E. FLEMING

    v.

**CUYAHOGA COUNTY**             **MEMORANDUM OPINION AND**
**CHILDREN AND**             **ORDER**
**FAMILY SERVICES, et al.,**

    Defendants.

*Pro se* Plaintiff Brittany Peoples filed this action against Cuyahoga County Children Services, the Cuyahoga County Juvenile Court, Eden, Inc., the Sheffield Village Police Department, University Hospital, the South Euclid Police Department, Rascal House, Chipotle Mexican Grill, and Starbucks. (ECF No. 1, PageID #1–2). She asserts claims of child endangerment, intimidation, breach of fiduciary duties, and violation of the Health Insurance Portability and Accountability Act ("HIPAA"). (*Id.* at PageID #3–7). She seeks monetary damages. (*Id.* at PageID #3–9).

Plaintiff filed an Amended Complaint on February 27, 2024. (ECF No. 3). She adds claims for defamation and emotional distress against the Juvenile Court, and additional, unenumerated claims against the Cuyahoga County Children and Family Services. (*Id.* at Page ID #41–42). She also added Keller Williams as a defendant, but she does not identify any legal claims she is asserting against this Defendant. (*Id.* at PageID #40).

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is hereby **GRANTED**.

I.   **BACKGROUND**

On January 11, 2023, Plaintiff took her one-year-old daughter to the South Euclid Police Station, telling officers that she needed a break from the child and wanted the child's father, Shannon Ford, to pick her up from the police station. (ECF No. 1-2, PageID #21). Officers were unable to reach Ford, so the child's godmother picked up the child. (*Id.*). Ford later arrived at the police station, was informed of the interaction with Plaintiff and retrieved the child from the godmother's care. (*Id.*).

Plaintiff went to Ford's house later that same day to get the child and was turned away. (ECF No. 1, PageID #5). The police were called. (*Id.*). Plaintiff claims that Ford threatened to shoot her. (*Id.*). The police arrived, instructed Plaintiff to leave, and apparently warned her that she could be charged with criminal trespassing if she returned. (ECF No. 1-2, PageID #15). Four days later, on January 15, 2023, Plaintiff returned to the South Euclid Police Department and filed a police report stating that the child's father now would not return the child to her. (*Id.* at PageID #13). She also stated, "I just don't see the point in all this. I just wanted help. I don't and shouldn't raise a child." (*Id.* at PageID #14).

Plaintiff returned to the South Euclid Police Department on January 16, 2023, again reporting a custody dispute with Ford. (*Id.* at PageID #19). The report does not elaborate on the nature of the dispute, but notes that this was the second time in 24 hours that Plaintiff was reporting a dispute with her child's father. (*Id.*). The report states that Ford filed an emergency petition for custody of the child. (*Id.*). Plaintiff's Complaint alleges that the South Euclid Police Department breached a fiduciary duty owed to her by failing to protect her daughter from the child's father. (ECF No. 1, PageID #6).

The Cuyahoga County Juvenile Court conducted a hearing on February 1, 2023. (ECF No. 1, PageID #4). She states that she asked the judge if the police would enforce a custody order, and

that the judge "came down from the bench [*sic*]" and replied, "police are for criminals not for people who don't get along." (*Id.*). Plaintiff asserts claims against the Juvenile Court for intimidation, because the judge left the bench to answer Plaintiff's question, and for defamation and emotional distress, because statements made during the proceedings allegedly suggested that Plaintiff is a bad mother. (*Id.* at PageID #4; ECF No. 3, PageID #41).

Plaintiff alleges that she was evicted from her home on June 6, 2023, causing her and her two children to be homeless. (ECF No. 1, PageID #5). She states that she has a permanent rental-assistance voucher from Eden, and asked both Cuyahoga County Children Services and Eden for help finding housing. (*Id.*). She states that Eden did not help with housing and "didn't send the repair notice to 5 points property management in order to get the repairs fixed." (*Id.*).

On June 23, 2023, Cuyahoga County Children and Family Services removed both of Plaintiff's children from her custody. (*Id.* at PageID #3). She does not indicate whether she was still homeless at that time, and she provides no information about what led to their removal. She indicates that custody of her one-year-old child was given to Ford. (*Id.*). Custody of her older child was given to the child's father, Charles Mosby. (*Id.*). Plaintiff claims that Ford has a history of domestic violence, referring to his threat to shoot her on January 11, 2023. She claims Mosby has "a current and on[going] case for other children in his care," and that her child with Mosby is the product of a sexual assault. (*Id.*). She asserts a claim against Children and Family Services for child endangerment. (*Id.*).

The Complaint goes on to allege that, while walking from Sheffield Village to Cleveland to see her children on July 4, 2023, Plaintiff was stopped by a Sheffield Police Officer and an Ohio State Highway Patrol officer. (*Id.* at PageID #6). The Ohio State Highway Patrol Officer purportedly offered to give her a ride, but the Sheffield officer said, "No let her walk." (*Id.*). She

3

brings a claim against the Sheffield Police Department for breach of fiduciary duty as the result of this incident. (*Id.*).

Plaintiff then refers to incidents unrelated to the child custody battle. Plaintiff claims that she reported to a hospital emergency room for double vision and headaches on November 29, 2023, and again on December 5, 2023. (ECF No. 1, PageID #7). She claims that the emergency room is organized in such a way that bystanders could hear information about her personal medical care. (*Id.*). She claims University Hospital violated her right to privacy protected by HIPAA. (*Id.*). Plaintiff also claims that she asked to use restrooms at Starbucks, Rascal House, and Chipotle on October 20, 2023, but was not permitted to do so. (*Id.* at PageID #8). She does not indicate what legal claim(s) she is asserting in relation to these incidents. Finally, she contends that Keller Williams "failed to file [her] inactive real estate license resulting in suspension." (*Id.* at PageID #9). She does not allege a legal claim associated with this action in either the Complaint or Amended Complaint.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

4

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.    DISCUSSION

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071,

1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates in her Complaint that she now resides in Cleveland, Ohio. (ECF No. 1, PageID #1). She does not indicate that she considers herself to be a citizen of any other state. At least seven of the ten Defendants are also citizens of Ohio. (*See id.* at PageID #1–2; ECF No. 3, PageID #40).[1] Diversity of citizenship is therefore incomplete, and 28 U.S.C. § 1332 does not empower this Court to hear this case.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. To determine whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" that a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, all but one of the Plaintiff's claims arise under state tort law or state criminal law. They do not provide a basis for federal question jurisdiction. There are also incidents for which Plaintiff does not identify any cause of action and none is apparent on the face of the Complaint.

While Plaintiff cites to HIPAA as a basis for her claim against University Hospital, that too falls short of establishing a basis for this Court federal jurisdiction. To establish federal question jurisdiction under 28 U.S.C. § 1331, the Plaintiff must "plead[ ] a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Although jurisdiction is not defeated by the possibility that the complaint might fail to

---

[1] The Amended Complaint adds Defendant Keller Williams, but supplies no information about the location of Keller Williams's headquarters or state of registration.

6

state a claim upon which relief may be granted, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Plaintiff's claim under HIPAA falls into this category. There is no private right of action under HIPAA, express or implied. *Thomas v. Dep't of Health & Hum. Servs.*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) (citing cases from other circuits); *Thomas v. Univ. of Tennessee Health Sci. Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at *2 (6th Cir. Dec. 6, 2017). Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services ("DHHS"). 42 U.S.C. § 1320d–5(a)(1). That claim fails as a matter of law and cannot be the basis for federal subject matter jurisdiction.

### IV.  CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. This action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

Date:  April 23, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**